BERTHA STEINGARD, Appellant, *v.* ARTHUR STEINGARD, Defendant, Impleaded with POETTA REALTY CORPORATION, Respondent.

First Department, March 6, 1931.

*Alexander Appel* of counsel [*Milton Davidoff* with him on the brief; *Appel & Tannenbaum*, attorneys], for the appellant.

*Eugene Morgan Hawkins*, for the respondent.

SHERMAN, J. The motion of the corporate defendant to dismiss the complaint for insufficiency has been granted, on the ground that the complaint contains no specific allegation that the corporate defendant adopted the individual defendant's agreement to issue to plaintiff one-sixth of its total capital stock or to convey to her a one-sixth interest in certain real estate purchased by defendant Steingard and transferred to respondent.

Plaintiff is the mother of defendant Steingard. She alleges an agreement whereby she advanced to her son $6,500 as part of the purchase price of premises on Seventy-fourth street, in New York city, which he proposed to buy. He promised that for her moneys

she would receive a one-sixth interest in the fee or, in the event that a corporation were organized to take title to the premises, he agreed that there would be issued and delivered to her such number of shares in that corporation as would be equivalent to one-sixth of its capital stock.

She paid her son the money. The property was purchased. He caused the corporation respondent to be organized, and had title transferred to it. He owns all of its capital stock and the corporation is described as being his mere dummy. Plaintiff has not received any interest in the realty nor any shares of the corporation. Both defendants moreover have been collecting and keeping the rents received from tenants.

The shares of the capital stock of defendant corporation are of uncertain value and are not purchasable in the open market. The only asset of the defendant corporation is its ownership of this property, which is rapidly increasing in value.

The relief asked is that there be transferred to plaintiff one-sixth of its issued capital stock in the usual form, or that a one-sixth undivided interest in the premises be directed to be conveyed to her, and further that defendants account for the rents and profits realized, and be enjoined from transferring title to the fee.

The individual defendant did not join in the motion. A cause of action against the corporate defendant is stated. Plaintiff is entitled to pursue her funds. Her son cannot defeat her claim by putting the property purchased in part with the avails of her moneys into a corporation and have it declared exempt from liability to her unless she can show affirmatively that the corporation adopted the agreement under which he had obtained the moneys. The defendant corporation is but the *alter ego* of the individual defendant. If he is found liable, this corporation may also be held accountable.

The Statute of Frauds constitutes no defense here, nor has plaintiff an adequate remedy at law upon the facts set forth in the complaint.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion of the corporate defendant denied, with ten dollars costs, with leave to the defendant, respondent, to answer on payment of said costs.

Dowling, P. J., Merrell, Finch and O'Malley, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendant, respondent, to answer within twenty days from service of order upon payment of said costs.